**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

DAVID E. SIDELINGER,       :
       Plaintiff      :
                  :    JUDGE MAURICE COHILL
      vs.            :
                  :    Civil Action 02-62 E
HARBOR CREEK SCHOOL DISTRICT,  :
       Defendant   :

**PLAINTIFF'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW**

        The Plaintiff, David E. Sidelinger, in the above-captioned case, by and
through his undersigned counsel, submits below proposed findings of fact and
conclusions of law as requested by this Honorable Court.  Plaintiff respectfully
reserves the right to amend and supplement this document following the trial
conducted in this matter.

***FINDINGS OF FACT:***

        1.  Plaintiff, David E. Sidelinger, was a chemistry teacher at Harbor
Creek High School in 2000, having been employed as a teacher with the Harbor
Creek School District since 1980.

        2.  Defendant, Harbor Creek School District, is an employer within the
meaning of 42 U.S.C. § 2000e(b).

        3.  During the week of February 28, 2000, the art teacher at Harbor
Creek High School wanted to take Plaintiff's photograph for the Harbor Creek Jr.-
Sr. High School "Identification Project", which was being implemented to required
all personnel to wear visible ID badges and all students to carry ID badges.

4.  Plaintiff declined to be involved with an identification badge to be worn at school.

5.  On March 3, 2000, David A. Smith, Superintendent of the Harbor Creek School District, gave Plaintiff a letter directing him to meet on March 6, 2000, with him, Assistant Superintendent Dr. Willard O'Neil and Edward Zenewicz, Principal of Harbor Creek High School, to discuss his refusal to be photographed for an identification badge and "implied refusal to wear such a badge."

6.  On March 6, 2000, Plaintiff gave a letter to Dr. Smith advising him that, due to his very deep personal, moral and religious convictions, the wearing of the photo ID badge was something he could not do.  In addition, Plaintiff spoke privately with Dr. Smith and told him that he maintained the moral and religious conviction noted in his letter dated March 6, 2000, since his teenage years; and he explained his religious and moral belief that adorning himself with badges was a sin against elements contained within the First Commandment.

7.  On March 6, 2000, Plaintiff suggested to Dr. Smith the simple solution, that would not be morally or religiously offensive to him, was having him place the ID card in his wallet, as the students were being required to do.

8.  On Friday, March 10, 2000, Plaintiff met with Dr. Smith again, at which time he asked Plaintiff to consider changing his beliefs; and that, if Plaintiff did not show up at work on Monday, March 13, wearing the ID badge, Plaintiff would be suspended and sent home.  Plaintiff recorded this meeting with Dr. Smith's knowledge.

9. On March 10, 2000, Plaintiff picked up the ID badge and placed it in his wallet.

10. On Sunday, March 12, 2000, Plaintiff delivered a letter to the Harbor Creek School Board President, Cynthia Himes, and a copy for Dr. Smith, in which Plaintiff again stated that wearing the photo ID badge was in conflict with his religious and moral beliefs, and that Plaintiff would be committing the sin of pride and the sin of hypocrisy by wearing the badge. Plaintiff further looked for help to accommodate his religious and moral differences with the School District, which was demanding that Plaintiff had to wear a photo ID badge in order to continue teaching. The letter concluded with Plaintiff stating, "To insure classroom coverage, I have phoned in a sick day(s)."

11. On Sunday, March 12, Plaintiff also called the school and left a message to inform the personnel that he was sick and would be absent.

12. On March 19, 2000, Plaintiff called Principal Zenewicz at Dr. Smith's request. Mr. Zenewicz asked what it would take to get Plaintiff back to the classroom, and Plaintiff told him he could not wear the ID badge and he wanted the incident to be expunged from his record. Mr. Zenewicz told Plaintiff, "That will never happen."

13. On March 22, 2000, Plaintiff had another meeting with Dr. Smith and Dr. Willard O'Neil, Assistant Superintendent, at which time Plaintiff was asked if he was ready to return to work wearing the ID badge. Plaintiff's response was, "No," due to his religious and moral beliefs that conflicted with wearing the badge.

3

14.  On April 3, 2000, Plaintiff received an e-mail letter from Dr. Smith placing him on suspension for refusing to wear a photo ID badge.  Also, he instructed Plaintiff to report to his office on April 10, 2000, at which time Plaintiff would again be advised to wear the badge.  If Plaintiff refused to wear the badge, Dr. Smith said he reserved the right to continue the suspension and recommend Plaintiff's termination.

15.  On April 7, 2000, Plaintiff responded to Dr. Smith's April 3 e-mail letter by sending him an e-mail letter in which Plaintiff advised him that he was a very old-fashioned Latin Roman Catholic.  Plaintiff told Dr. Smith in the letter that he would be at Smith's office on April 10, but had no intention of changing his sincere, deep-seated religious and moral beliefs by being forced to wear a badge.

16.  As the School District requested, Plaintiff compiled the grades for his students and sent them to the school.  However, Plaintiff did not send in his grade book as directed by the School District because it is personal property.

17.  The School District had no policy in 2000 that required teachers who would be absent from school for more than one day to call in on a daily basis. No such policy existed.  At no time did Plaintiff indicate he would be absent for only one day – March 13.

18.  Allowing Plaintiff to carry his ID badge in his wallet as a reasonable accommodation would not constitute an undue hardship for the School District.  Many faculty and administrative members did not wear their ID badges at Harbor Creek High School.

19.  At no time did the School District attempt to make a religious

4

accommodation for Plaintiff; Defendant rejected the suggested accommodation of placing the ID badge in Plaintiff's pocket; and the District never advised Plaintiff at any time that making a religious accommodation would work a hardship for the District.

20.   On April 11, 2000, a letter was sent to Plaintiff by the Defendant School District, through the School Board President, Cynthia Himes, advising Plaintiff that he was charged with violating the School Code relating to his refusal to wear a photo ID badge.  Further, the letter notified Plaintiff he was suspended without pay, pending School Board action.

21.   On April 24, 2000, Plaintiff appeared at a hearing convened before the Board of the Defendant, Harbor Creek School District.

22.   On May 1, 2000, the Defendant School District terminated Plaintiff's employment at the School District arising from his refusal to wear a photo ID badge.

23.   Defendant is unable to provide evidence of an undue hardship by accommodating Plaintiff's religious belief or  practice.

24.   Plaintiff has refused to wear a badge because it conflicts with his religious beliefs and practice dating back to his teenage years, when he refused to wear Boy Scout badges earned when he was an Eagle Scout.

25.   There is evidence to show that both the Superintendent and Assistant Superintendent were not wearing their photo ID badges while on school property.

5

**_CONCLUSIONS OF LAW:_**

1.    A plaintiff establishes a prima facie case of religious discrimination by showing that he (1) has a bona fide religious belief which conflicts with an employment requirement; (2) informed the employer of this belief; and (3) was adversely affected for failure to comply with the conflicting employment practice.   *Protos v. Volkswagen of America, Inc.*, 797 F.2d 129, 133 (3d Cir.), cert. denied, 479 U.S. 972, 107 S.Ct. 474, 93 L.Ed.2d 418 (1986), (citing *Turpen v. Missouri-Kansas-Texas Railroad Co.*, 736 F.2d 1022, 1026 (5th Cir. 1984)).

2.   Applying the foregoing test to the facts of this case, the Court finds that Sidelinger has established a prima facie case of religious discrimination. He has a bona fide religious belief that conflicts with the School District's requirement that personnel visibly wear a photo ID badge on school property, he so advised the School District, and the District suspended and terminated his employment as a high school chemistry teacher because, as part of his religious beliefs or practices, he would not visibly wear a photo ID badge.

3.   Once a prima facie case is established, the burden shifts to the defendant to produce evidence either (1) that it offered the employee or applicant a reasonable accommodation of his religious practices, which he refused; or (2) that no accommodation was possible without subjecting it to "undue hardship." *United States v. Bd. of Educ. of School D. of Philadelphia*, 911 F.2d 882, 886 (3d Dir. 1990) ("U.S.A."); *Protos*, 797 F.2d at 134.  An undue hardship is incurred if the employer's accommodation required it to assume more than a "*de minimis* cost."

6

*Trans World Airlines, Inc. v. Hardison*, 432 U.S. 63, 84, 97 S.Ct. 2264, 2277, 53 L.Ed.2d 113 (1977).

4.  The Court concludes that the District offered Sidelinger no accommodation of his religious belief or practice.

5.  The Court concludes that the District failed to prove that no accommodation was possible without subjecting it to undue hardship.

6.  The District unilaterally determined that no compromise could be considered in Mr. Sidelinger's situation and it rejected his offer to carry the ID badge in his pocket as a reasonable accommodation of his religious belief or practice of not adorning himself with badges.

7.  For the above-stated reasons, the Court holds that Plaintiff has met his burden of proof that he was discriminated against because of his religious belief or practice in violation of Title VII, 42 U.S.C. § 2000e-2(a)(1).

8.  Religion, as defined by Title VII, includes:

> …all aspects of religious observance and practice, as well as belief, unless an employer demonstrates that he is unable to reasonably accommodate to an employee's or prospective employee's religious observance or practice without undue hardship on the conduct of the employer's business."

42 U.S.C. § 2000e(j).

It is not necessary that the person's belief or practice be widely held or recognized by others as religious. Title VII is triggered when a person is deprived of employment because of a bona fide religious belief. <u>EEOC v. Reads,</u>

7

Inc., 759 F.Supp. 1150 (E.D. PA 1991).

      9.  The Court finds that the District has not met its burden of producing evidence of undue hardship so as to relieve it of its duty to accommodate Plaintiff.

      10.  It is ordered that Plaintiff be reinstated to the same position he held in 2000 as a high school chemistry teacher with the District and that he be awarded back pay with interest, together with an additur for negative tax consequences.

              Respectfully submitted,

Dated:  March 13, 2006

              s/Paul J. Susko, Esq.
              Paul J. Susko, Esq.
              *Pennsylvania I.D. No. 25995*
              Kubinski, Susko & Schonthaler
              135 East 6th Street
              Erie, Pennsylvania 16501
              Telephone: (814) 455-7612
              Counsel for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DAVID E. SIDELINGER,                    :
                    Plaintiff           :
                                        :       JUDGE SEAN J. McLAUGHLIN
            vs.                         :
                                        :       Civil Action 02-62 E
HARBOR CREEK SCHOOL DISTRICT,  :
                    Defendant           :

## CERTIFICATE OF SERVICE

        The undersigned hereby certifies that, on the 13th day of March, 2006, a copy of the within document was served on all counsel of record and unrepresented parties in accordance with the applicable rules of court.

                        Respectfully submitted,


                        s/Paul J. Susko, Esq.
                        Paul J. Susko, Esq.

9